IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| George D. Metz, II, ) | C/A No. 8:23-cv-01159-DCC-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| City of Easley South Carolina, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on motions to proceed *in forma pauperis* filed by the plaintiff (docs. 3; 10). The plaintiff, a non-prisoner proceeding *pro se*, brings this action arguing that an ordinance passed by the defendant is unconstitutional (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## **ALLEGATIONS**

The plaintiff filed this action making a facial challenge to an Easley city ordinance (*id*.). The plaintiff alleges that the City of Easley passed an ordinance that violates his First Amendment rights (*id*. at 5). The ordinance prohibits videotaping employees on city property, which violates the plaintiff's rights as a member of the press (*id*.). For relief, the plaintiff seeks money damages because he informed the city that the ordinance was unconstitutional and they enacted it anyways (*id*.).

## **APPLICABLE LAW & ANALYSIS**

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal

construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

As noted above, the plaintiff has filed motions for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (docs. 3; 10). A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the *in forma pauperis* statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 338–39 (1948). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Id*. at 339. Instead, an affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Id.* at 339–40. However, "[a] Plaintiff who is not truly indigent may not proceed *in forma pauperis* simply to avoid all economic costs of commencing legal actions." *Fox v. S.C. Judicial Dep't*, C/A No. 2:16-cv-00209-RMG, 2016 WL 7469805, at *1 (D.S.C. Feb. 12, 2016).

As noted above, the plaintiff commenced this action on March 23, 2023 (doc. 1). The plaintiff has also filed an Application to Proceed in District Court without Prepaying Fees or Costs (Form AO-240) and an Application to Proceed In District Court without Prepaying Fees or Costs (Long Form) (Form AO-239), which are construed as motions to proceed in forma pauperis (docs. 3; 10). The plaintiff's motions indicate that he receives $5,500 per month in gross wages, with take home wages averaging $3,800 per month (docs. 3 at 1; 10 at 1–2). The plaintiff alleges that his monthly expenses include $1,400 for rent; $500 for utilities (Form AO 240 records this amount as $250); $30 for home maintenance; $600 for food; $100 for clothing; $100 for laundry and dry-cleaning; $50 for medical and dental expenses; $200 for transportation; $300 for recreation, entertainment,

newspapers, magazines, etc.; $105 for motor vehicle insurance; and $100 for other, for a total of $3,485 (docs. 3 at 2; 10 at 4–5).  The plaintiff has $243 in a checking account, $106 in cash, and assets including two vehicles totaling $4,000 (doc. 10 at 2, 3).

A district court has the discretion to grant or deny an application to proceed in forma pauperis.  *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).  The Court must examine the information provided by a litigant in his financial affidavit.  *See A&D Sec. Consultants v. Gray*, 481 F. App'x 63, 64 (4th Cir. 2012).  As noted, a litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a).  *Adkins*, 335 U.S. at 339–40.  Courts have found that it is sometimes difficult to decide applications under § 1915 because "there are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976).  In *Carter*, the court set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a):

> (1)   Is the litigant barred from the federal courts by the reason of his or her "impecunity?"
>
> (2)   Is his access to the courts blocked by the imposition of an undue hardship?
>
> (3)   Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

*Gallman v. Comm'r of Soc. Sec. Admin.*, C/A No. 1:22-cv-02838-RMG-SVH, 2022 WL 4825303, at *1–2 (D.S.C. Aug. 26, 2022), *Report and Recommendation adopted by* 2022 WL 4808773 (D.S.C. Oct. 3, 2022) (citing *Carter*, 452 F. Supp. at 943).

As noted above, the plaintiff's average monthly income exceeds his monthly expenses and he has cash funds and funds in his checking account (as well as other assets) that could be utilized towards paying the filing fee.  As such, he does not appear to be indigent and unable to pay the filing fee.  This is so because, on a monthly basis, the

3

plaintiff's average income exceeds his listed expenses. Thus, the plaintiff must make decisions each month where to spend any extra money. It does not appear that the plaintiff would be rendered destitute by paying the filing fee of $402 or that the plaintiff would have to forego any of his basic human needs by paying the $402. Hence, the plaintiff must "'confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?'" *Carter*, 452 F. Supp. at 944 (internal citation omitted). Requiring the plaintiff to pay the full filing fee of $402 would not bar him from litigating his claims in the federal courts or impose an undue hardship upon him. As the Fourth Circuit has explained, requiring "economic decisions about filing lawsuits does not deny access to the courts . . . . [persons] cannot file a lawsuit every time they suffer a real or imagined slight." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997).

Therefore, the plaintiff is not qualified to proceed *in forma pauperis*. *See, e.g., Cabbil v. United States*, C/A No. 1:14-cv-04122-JMC, 2015 WL 6905072, at *1 (D.S.C. Nov. 9, 2015) (denying leave to proceed in forma pauperis where movant had $1,500 in assets and no regular monthly expenses). Accordingly, based on a review of the discretionary factors listed above, the Court should deny the plaintiff's motions to proceed in forma pauperis.

## **RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiff's motions to proceed *in forma pauperis* (docs. 3; 10) be **denied**. Should the United States District Judge assigned to this case adopt this recommendation, it is recommended that the plaintiff be provided twenty-

one (21) days to pay the full filing fee of $402.00 or the case will be dismissed. **The attention of the parties is directed to the important notice on the following page**.

        **IT IS SO RECOMMENDED**.

                                                    s/Kevin F. McDonald
                                                    United States Magistrate Judge

May 9, 2023
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).