Plaintiff GEORGE DOUGLAS METZ II respectfully brings this action for declaratory and punitive relief, and complain as follows:

1. George Metz is an independant investigative journalist who focuses on government accountability.

2. Because Easley SC maintains an unconstitutional recording law, Plantiff, and other local journalists are prohibited from exercising their First Amendment rights to engage in newsgathering by recording their conversations with others without first getting their consent.

3. Plaintiffs' reports have garnered national attention, with many garnering hundreds of thousands of views. Through my first amendment journalism, Plantiff is able to educate and inform the public about newsworthy topics of public concern and government accountability.

4. Plantiff has covered stories from L.A. to NY City but mainly covers the south east U.S. area. Plantiff regularly reports from South Carolina, and it was plantiff and other journalists reports on Easley that made them pass this law. Plantiff reporting on the mayor and his activities is the reason they passed this unconstitutional ordinance.

5. Even though Plantiff is a resident of Florida, he would still work on and report stories from Easley SC if not for his rights being chilled and threat of arrest for openly recording in public places with no expectation of privacy.

6. Plantiff is aware that the public and press share the same right of access, we are also aware that anywhere the public is allowed to be, where there is no expectation of privacy, they may record secretly or openly.

7. Plantiff is aware that recording is a non expressive step in the speech creation process and as such is not regulated by the forum doctrine which regulates expressive acts only.

8. Plantiff realizes that the right to free press is in fact, the right to watch over our public employees and report their behavior to the public so they can make informed decisions about their leaders.

9. Plantiff realizes that no case law from any circuit or SCOTUS is needed for us to exercise and be protected in our right to observe and record our officials from public areas.

10. Plantiff realizes that the right to free press is one of our oldest, most established rights that citizens have and as such needs no case law in order to establish that the right is well established and should of been known to a reasonable person.

11. Plantiff realizes that only by viewing the recording can the [state] authorities make a determination about criminal liability"

12. Plantiff realizes that the law's applicability plainly "pivots on the content of the recording" —namely, what the recording captures

13. Plantiff realizes it is the statute's differential treatment of recordings based on their subject matter (e.g., whether its a public meeting or right outside the meeting in the hallway) that makes the statute content based, not the words exchanged.

14. Plantiff realizes under South Carolina law it would be legal to secretly record without consent in the very same areas that Easley has made open recording illegal.

15. Even though plantiff has standing due to injury, he realizes that only a willingness to break the law, and governments willingness to prosecute are needed for standing. I have no issue stating that I intend to break this law, and the government has already enforced it on a journalist. As we suspected, it had nothing to do with consent as the young man was in cuffs 60 seconds after entering the building.

16. Plantiff asserts that this is an unconstitutionally overbroad content based restriction.

## COUNT I
### Easley South Carolina ordinance section 99.01 (e)
**Unconstitutionally Favor Some Recording but Disfavor All Other Recording**

17. Easley law offers police officers robust authority to openly record the public, while denying the public the same right to record the exact same circumstances.

18. Section 99.01(e) operates as a grant of government permission to openly record certain public events without requiring subjects "give consent." In similar other public settings not favored by government, subjects must "have given consent" about recording.

19. Because audiovisual recording is protected by the First Amendment, government actions that favor the recording of particular subjects and events while disfavoring others invokes content and viewpoint discrimination and the suppression of protected newsgathering. *Turner Broadcasting Sys., Inc. v. FCC*, 512 U.S. 622, 642–43 (1994). Differential treatment of recording for different actors can act as "effectively as a censor to check critical comment." *Minneapolis Star & Tribune Co. v. Minnesota Commissioner of Revenue*, 460 U.S. 575, 585 (1983). Here, Easley law singles out a specific subject matter that may be openly recorded—Law Enforcement Activites—and forbids similar recording of other government agents engaging in official acts or ordinary citizens without notice, making this differential treatment unconstitutional. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 156–57 (2015); *see also Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2347 (2020). The law also opens up government-favored events, like press conferences, and allows for open recording, but does not recognize a similar right in other public areas.

3    Amended Complaint for Declaratory and Punative Relief

## COUNT II

### Easley ordinance 99.01(e) Violates the First Amendment by Prohibiting unconsenting recordings made in public areas

20. Easley law enacts an impermissible divide by allowing the open recording of the police without specifically informing them but forbidding any recording of other government actors without notification. It grants journalists a similar right to record staged events preferred by the government without notice, but forbids it in other public places. The law cannot be said to advance an interest in privacy since it selectively bans unconsenting recording at other public places disfavored by the government. Because of this, section 99.01(e) is unconstitutional on their face and as applied to Plaintiffs, necessitating punative and declaratory relief.

Respectfully submitted

*[signature]* PRO SE

GEORGE D. METZ II  PRO SE
4980 S.E. 140th ST
Summerfield FL 34491
352-446-8145
Patriotdiscussions@gmail.com

4   Amended Complaint for Declaratory and Punative Relief