# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| GEORGE D. METZ, II | ) |
| | ) C/A No. 8:23-cv-01159-DCC-KFM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF EASLEY, SOUTH CAROLINA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), *FRCP*

This matter comes before the Court upon the Defendant's, City of Easley, South Carolina ("Defendant" or "City") motion to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6), *FRCP*. Plaintiff's Complaint fails to present an actual case or controversy, is not ripe for review, and Plaintiff lacks standing to bring this action. Furthermore, Plaintiff's first amendment rights have not been violated.

### STATEMENT OF CASE

Plaintiff filed his Complaint on March 23, 2023, and an Amended Complaint on August 2, 2023 ("Amended Complaint"). On September 18, 2023, the Magistrate issued a Report ("Magistrate Report") recommending that the Plaintiff's Complaint be summarily dismissed. On September 28, 2023, Plaintiff filed an objection to the Magistrate Report ("Plaintiff's Objection"). On May 1, 2024, the United States District Judge issued an Order rejecting the Magistrate Report

1

and remanded this matter to the Magistrate for further proceedings. On May 13, 2024, Defendant was served with an Order filed May 9, 2024 from the Magistrate directing the Defendant to be served, and further directing the Defendant to file its Answer and dispositive motions. On June 3, 2024, Defendant filed its Answer to the Amended Complaint.

## STATEMENT OF FACTS

### Ordinance 2022-33

On December 12, 2022, the Defendant adopted City of Easley Ordinance 2022-33 entitled "Control Access to City-owned, Controlled, and Leased Properties" set forth in Title IX, Chapter 99, Section 99.01 of the City of Easley Code of Ordinances (hereinafter the "Ordinance"), a copy of which is attached hereto as **Exhibit "A."**

The purpose of the Ordinance is as follows: to "…prevent disruption of the City's legitimate public business and rendering public services, along with fostering a safe and orderly environment" and to protect the privacy rights of its employees and citizens (*See* Ord., 4$^{th,}$ and 5th WHEREAS clauses). The Recitals further provide that the Ordinance is not intended to "prohibit citizens from coming onto City property to conduct legitimate business;" is not intended to "be a restriction on speech; and, is viewpoint neutral and does not target any viewpoint, ideology, or opinion" (*See* Ord., 6th and 7th WHEREAS clauses). Finally, the Ordinance applies "to all persons visiting the City of Easley enclosed City-owned, controlled and leased properties." (*See* Ord., 8th WHEREAS clauses).

To accomplish its goals of preventing disruption of the City's business and services, along with providing a safe and orderly environment, the Ordinance regulates public access to city-owned property depending upon whether the area is classified as "designated public forum," "limited designated public forum," or "nonpublic forum" (Ord. Sect. 99.01(a)). The forum

classification in the Ordinance is supported by prior Court decisions, including *Sheets v. City of Punta Gorda*, 415 F. Supp. 3d 1115 (M.D. Fla. 2019), which holds that the First Amendment does not guarantee access to property just because it owned by the government and that the right to record matters is subject to reasonable time, manner, and place restrictions (*See* Ord., 2nd and 3rd WHEREAS clauses).

The Ordinance prohibits individuals from recording activities on city property without the consent of any individual (employee or member of the public) unless a public meeting is being conducted pursuant to a public notice or for law enforcement activities.

Plaintiff's Amended Complaint

Plaintiff alleges that he is an "independent investigative journalist who focuses on government accountability" (Amend. Comp. ¶ 1). He alleges that the Ordinance is an unconstitutional recording law, and it constitutes a violation of his First Amendment right to "engage in newsgathering by recording their conversations with others without first getting their consent" (Amend. Comp. ¶ 2). He further claims that the Ordinance was passed due to his and other journalists' reports on Easley (Amend. Comp. ¶ 4), but the Complaint fail to identify when and where those reports occurred. Plaintiff further alleges that he would still report stories in Easley, SC if not for the Ordinance (Amend. Comp. ¶ 6). Plaintiff alleges he has standing because he intends to violate the Ordinance, and the City already enforced it on another journalist (Amend. Comp. ¶ 15), but the Amended Complaint and Plaintiff's Objection fail to identify *any* incident in which the Ordinance was enforced against the Plaintiff. As such, Plaintiff fails to plead any facts that identify how he has been injured or damaged by the Ordinance.

Plaintiff claims the Ordinance is content-based because it "singles out a specific subject

matter that may be openly recorded – Law Enforcement Activities – and forbids similar recording of other government agents" (Amend. Comp. ¶¶19-20).

Despite not providing any evidence of injury to himself, Plaintiff asks the Court for "[p]unitive damages, one million dollars $1,000,000" because "these folks knew it was unconstitutional because we told them." Plaintiff also asks this Court to declare the Ordinance unconstitutional (Amend Comp. Sect. IV).

## STANDARD OF REVIEW

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to evaluate the sufficiency of a plaintiff's complaint. *See Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir.2012). Rule 8(a) (2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555; *see also Walters,* 684 F.3d at 439 ("[W]hile a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.' " (quoting *Twombly,* 550 U.S. at 570)). Finally, when ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in

the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

## ARGUMENT

### No Actual Case or Controversy

Plaintiff's case fails to present an actual case or controversy based upon the doctrines of justiciability, standing, and ripeness, and therefore, Defendant is entitled to a dismissal of Plaintiff's case.

"The test for a case or controversy ... is whether the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests." *Commercial Union Ins. Co. v. Detyens Shipyard, Inc.,* 147 F.Supp.2d 413, 420–21 (D.S.C.2001) (internal quotation marks omitted). "In deciding whether a justiciable controversy exists, a district court looks to whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 421 (internal quotation marks omitted). *ACE Am. Ins. Co. v. Michelin N. Am., Inc.,* 470 F. Supp. 2d 602, 604 (D.S.C. 2007).

In this case, Plaintiff admits that the allegedly unconstitutional ordinance has not been applied to him other than to say he has been restricted from coming to Easley's City Hall. However, the Ordinance does not prevent him from coming to the City of Easley, to City Hall, or to come to report and investigate any news. Simply put, the Plaintiff cannot prove any damages or injury because the allegedly unconstitutional Ordinance has not been applied to him. Imagine a scenario where anyone could find any law they do not agree with or believe restricts them in some manner and claim that they are entitled to judicial relief. The doctrine of justiciability prevents such a claim.

The Plaintiff's claim is untethered to an actual case or controversy, and he is asking this

Court to adjudicate a hypothetical state of facts rather than an actual case or controversy with injuries that are concrete and particularized. In essence, he is asking this Court to issue an advisory opinion, which is impermissible. "[A] declaratory judgment may not be given for a purely hypothetical situation [or as] ... an advisory opinion." Permanent Gen. Assur. Corp. v. Moore, 341 F. Supp. 2d 579, 581 (D.S.C. 2004)

Ripeness

"[The] ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Soc. Servs. Inc., 509 U.S. 43, 57 n. 18, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993). "Doctrines like standing ... and ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice." Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir.1991). "Ripeness is peculiarly a question of timing." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (internal quotation marks omitted). "Its basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Id. (internal quotation marks omitted).

In this case, the Plaintiff fails to present facts – even in the light most favorable to him – upon which to conclude that his constitutional rights were violated. Instead, his only alleged injury is that he is "restricted" from coming to the City of Easley to do his investigative reporting, which is, at best, a theoretical claim that his rights could eventually be violated. In fact, the Ordinance may never result in any actionable injury to the Plaintiff.

Standing

"[T]he irreducible constitutional minimum of standing contains three elements." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). First, a plaintiff must establish an "injury-in-fact,"

6

which is a "concrete and particularized ... invasion of a legally protected interest." *Id.* Second, "there must be a causal connection between the injury and the conduct complained of, meaning that the injury must be "fairly ... trace[able] to the challenged action of the defendant." Id. Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* Generally, a claim of future injury is insufficient to establish an injury-in-fact. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) (finding that declaratory-judgment plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending"). *Zahn v. Barr*, No. 2:19-CV-3553-DCN, 2020 WL 3440801, at *2 (D.S.C. June 23, 2020).

In the Magistrate's well-reasoned Report, the Magistrate correctly found that the Plaintiff's assertion that he would cover unspecified stories in the City of Easley does not reach the level of plausibility for standing in this matter (Report, p. 4). Furthermore, the Defendant agrees with the Magistrate's finding that, at best, the Plaintiff is an "innocent bystander" with an abstract interest in the member as a member of the press, not an individual who has been injured in a personal an individual way by the Ordinance (Report p. 5). In fact, Plaintiff admits that he lacks standing because he says he intends to violate the Ordinance (See Amend. Comp. ¶ 15).

Constitutional Challenge to Ordinance

1. The Ordinance does not violate the Plaintiff's First Amendment Rights.

Even if the Court were to determine that the Plaintiff's case presents an actual case or controversy, and meets the requirements of ripeness and standing, the Plaintiff's constitutional claims under the First Amendment fail and Defendant is entitled to a dismissal of the case.

As an initial matter, it is well-settled that statutes and ordinances are presumed to be constitutional. *Fitts v. Kolb,* 779 F.Supp. 1502, 1513 (D.S.C. 1991). The Plaintiff bears the burden

of proving the Ordinance unconstitutional. *Id.* Moreover, a federal court must be mindful to "'avoid a statutory interpretation which raises constitutional questions if there is a reasonable reading of the statute which does not [raise] those issues.' " *Id.* (quoting *Bob Jones Univ. v. Johnson,* 396 F.Supp. 597, 608 (D.S.C. 1974)).

The South Carolina state legislature grants to municipalities substantial authority to establish rules, regulations and ordinances under the Home Rule Act, S.C. Code §5-7-30 (1976), which provides in pertinent part as follows:

> Each municipality of the State, in addition to the powers conferred to its specific form of government, may enact regulations, resolutions, and ordinances, not inconsistent with the Constitution and general law of this State, including the exercise of powers in relation to roads, streets, markets, law enforcement, health, and order in the municipality or respecting any subject which appears to it necessary and proper for the security, general welfare, and convenience of the municipality or for preserving health, peace, order, and good government in it…

Plaintiff claims the Ordinance is facially invalid because it is overbroad and has a content-based restriction on free speech.

  a. Overbreadth

As summarized by the Magistrate Report, the first step in analyzing an overbreadth claim is to construe the challenged statute to see what it covers and restricts, and the second set is determining whether the ordinance restricts "a substantial amount of protected expressive activity."

First, the Ordinance is intended to promote safety and security for the City's employees while preserving the right of free speech and the right of the press. Nowhere in the Ordinance would it prevent the public from gathering information. Rather, it simply adopts reasonable regulations to prevent video recording in certain circumstances. Section 99.01(d) of the Ordinance provides that the City Council Chambers and conference rooms in the City Hall and City Hall

8

annex are hereby declared to be nonpublic forums unless or until a public meeting occurs. Therefore, recording is allowed during public meetings. On the other hand, all "city employee work areas" within City Hall and the City Hall annex which are designated with appropriate signage as work areas are considered nonpublic forums. All other areas of the City Hall and City Hall annex are designated as limited public forums and only persons who are present to engage in legitimate public business with City officers or employees shall be authorized in those areas.

The Ordinance does not contend to govern speech, expression, or association. It merely regulates conduct by forbidding individuals from video-recording certain areas of City property (those nonpublic forums) or other areas (limited public forums) unless the individual has consent or authorization. As such, the Ordinance has a plainly legitimate sweep. See *United States v. Williams*, 553 U.S. 285, 297 (2008).

Second, the next step is to determine whether the Ordinance restricts a "substantial amount of protected expressive activity" in relation to its plainly legitimate sweep. *Id.*, 553 U.S. at 297. The overbreadth doctrine permits a court to wholly invalidate a statute *only when the terms are so broad* that they punish a substantial amount of protected free speech in relation to the statute's otherwise plainly legitimate sweep—until and unless a limiting construction or partial invalidation narrows it so as to remove the threat or deterrence to constitutionally protected expression. *Virginia v. Hicks,* 539 U.S. 113, 118–119, 123 S.Ct. 2191 (2003) (italics added).

As noted in the Magistrate Report, since video recording is allowed in the public forum, Plaintiff's Complaint – liberally construed – appears to challenge his ability to video-record in limited public forums. Ordinances regulating speech in limited public forums must be (1) reasonable and (2) viewpoint neutral. Furthermore, as discussed in more detail *infra*, government can place reasonable time, place, and manner restrictions on first amendment freedoms.

A limited public forum is a "hybrid" of traditional public and nonpublic forums. *Child Evangelism Fellowship of Md., Inc. v. Montgomery County Pub. Sch.,* 457 F.3d 376, 382 (4th Cir.2006). Limited public forums are characterized by "purposeful government action" intended to make the forum "generally available." *Goulart v. Meadows,* 345 F.3d 239, 249 (internal quotations omitted). As in nonpublic forums, the state may reserve the forum "for certain groups or for the discussion of certain topics," but it "must not discriminate against speech on the basis of viewpoint," and any restriction "must be reasonable in light of the purpose served by the forum." *Good News Club v. Milford Cent. Sch.,* 533 U.S. 98, 106–07, 121 S.Ct. 2093, 150 L.Ed.2d 151 (2001) (internal quotations omitted). *Child Evangelism Fellowship of S.C. v. Anderson Sch. Dist. Five*, 470 F.3d 1062, 1067–68 (4th Cir. 2006)

Reasonableness

The Plaintiff fails to demonstrate, or even allege, that the Ordinance is unreasonable. Here, and as discussed *supra*, the Ordinance is based upon the City's efforts prevent disruption of the City's legitimate public business and rendering public services, along with fostering a safe and orderly environment and to protect the privacy rights of its employees and citizens while preserving an individual's rights of free speech. The restrictions are reasonable and preserve the rights of the public in limited public forums.

The Supreme Court has long recognized that the government may impose reasonable "time, place, or manner" restrictions on First Amendment freedoms. *McCullen v. Coakley*, 573 U.S. 464, 486, 134 S.Ct. 2518, 189 L.Ed.2d 502 (2014); *see Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989); *Linmark Assocs., Inc. v. Willingboro Twp.*, 431 U.S. 85, 93, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977). Such restrictions, which specify when, where, or how speech may be delivered, "stand on a different footing from laws prohibiting speech

altogether." *Linmark*, 431 U.S. at 93, 97 S.Ct. 1614.

The Ordinance's reasonableness is further supported by the Supreme Court's holding that a government "workplace, like any place of employment, exists to accomplish the business of the employer. It follows that the Government has right to exercise control over access to the [government] workplace to avoid interruptions to the performance of the duties of its employees." *Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.*, 473 U.S. 788, 805-806 (1985).

b. <u>View-point neutral</u>

Plaintiff also fails to demonstrate how the Ordinance is viewpoint discriminatory. As pointed out in the Magistrate Report, Plaintiff alleges the Ordinance is content based, but content-based restrictions target specific subject matter, and the analysis is whether the restrictions discriminate among viewpoints within that subject matter. *See Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 168 (2015). Clearly, here, the Ordinance does not target subject matter or describe any particular type of speech. Plaintiff appears to claim that the Ordinance is non content neutral because the Ordinance treats law enforcement activities differently than other government agents. However, the video-recording restrictions specifically do not apply to law enforcement activities (*See* Ord. 99.01(e)), which protects Plaintiff's right to record those activities.

Viewpoint discrimination, on the other hand, targets the views a speaker has on a subject. *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). The Ordinance is clearly not viewpoint discriminatory as it specifically applies to "all persons visiting the City of Easley enclosed City-owned, controlled and leased properties" and does not target any viewpoint, ideology, or opinion (*See* Ord., 7th and 8th WHEREAS clause).

The Ordinance merely provides a reasonable time, manner, and place restriction. The Ordinance draws no distinction between groups based on their message or perspective. Rather its

11

requirement that an individual's ability to record may be restricted under certain circumstances are directly tied to the City's goals to protect and preserve safety and the efficiency of its operations. Therefore, the Ordinance is viewpoint neutral and related to a reasonable policy goal of the Defendant, and therefore, does not violate Plaintiff's first amendment rights.

## **CONCLUSION**

For the reasons stated above, Defendant requests this Court to grant its Motion to Dismiss and dismiss the Plaintiff's Complaint *with prejudice*.

Respectfully submitted,

DUGGAN & HUGHES, LLC

s/Daniel R. Hughes
Daniel R. Hughes
South Carolina Bar No. 72547
Federal ID No. 10568
457-B-Pennsylvania Avenue (29650)
P.O. Box 449
Greer, SC 29652-0449
Telephone (864) 334-2500
Facsimile (864) 879-0149
ATTORNEYS FOR DEFENDANT

Dated: August 19, 2024

Greer, South Carolina