RECEIVED
USDC CLERK, GREENVILLE
2024 SEP 10 PM 1:25

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| GEORGE D. METZ, II | ) |
| | ) C/A No. 8:23-cv-01159-DCC-KFM |
| Plaintiff, | ) |
| v. | ) |
| CITY OF EASLEY, SOUTH CAROLINA, | ) |
| Defendant. | ) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO DISMISS
## AND MEMORANDUM OF LAW IN SUPPORT

I think that the defense could of saved some time and money had they read what the district judge had said. I absolutely have standing, I absolutely have a claim. For the reasons listed below I humbly ask the court to provide justice and deny the defenses' motion to dismiss.

The defense seems to believe that only after you have suffered an injury can you challenege the law, but we know that to be untrue.

General principals of law render this section of the ordinance unconstitutional, and we can start with the right to gather information in which the public and press share the same right of access.

> *MR. JUSTICE STEWART, while agreeing that the Constitution does no more than assure the public and the press equal access to information generated or controlled by the government once the government has opened its doors*
> *Houchins v. KQED, Inc., 438 U.S. 1 (1978)*

1

So anywhere the public can go, the press can go, the ideal that you can keep out the press under false pretenses of safety or privacy is just silly.

> *As the Supreme Court has observed, "the First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw." First Nat'l Bank v. Bellotti, 435 U.S. 765, 783, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978); see also Stanley v. Georgia, 394 U.S. 557, 564, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) ("It is ... well established that the Constitution protects the right to receive information and ideas."). An important corollary to this interest in protecting the stock of public information is that "[t]here is an undoubted right to gather news 'from any source by means within the law.'" Houchins v. KQED, Inc., 438 U.S. 1, 11, 98 S.Ct. 2588, 57 L.Ed.2d 553 (1978) (quoting Branzburg v. Hayes, 408 U.S. 665, 681–82, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)).*
>
> *The filming of government officials engaged in their duties in a public place, including police officers performing their responsibilities, fits comfortably within these principles. Gathering information about government officials in a form that can readily be disseminated to others serves a cardinal First Amendment interest in protecting and promoting "the free discussion of governmental affairs." Mills v. Alabama, 384 U.S. 214, 218, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966). Moreover, as the Court has noted, "[f]reedom of expression has particular significance with respect to government because '[i]t is here that the state has a special incentive to repress opposition and often wields a more effective power of suppression.'" First Nat'l Bank, 435 U.S. at 777 n. 11, 98 S.Ct. 1407 (alteration in original) (quoting Thomas Emerson, Toward a General Theory of the First Amendment 9 (1966)). This is particularly true of law enforcement officials, who are granted substantial discretion that may be misused to deprive individuals of their liberties. Cf. Gentile v. State Bar of Nev., 501 U.S. 1030, 1035–36, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991) (observing that "[t]he public has an interest in [the] responsible exercise" of the discretion granted police and prosecutors). Ensuring the public's right to gather information about their officials not only aids in the uncovering of abuses, see id. at 1034–35, 111 S.Ct. 2720 (recognizing a core First Amendment interest in "the dissemination of information relating to alleged governmental misconduct"), but also may have a salutary effect on the functioning of government more generally, see Press–Enter. Co. v. Superior Court, 478 U.S. 1, 8, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (noting that "many governmental processes operate best under public scrutiny").*

*Glik v. Cunniffe*, 655 F.3d 78, 82-83 (1st Cir. 2011)

2

The purpose of the ordinance unlike what the defense says is to prohibit journalists from conducting legitimate investigations into corruption. We know that this is content based because you have to see the content in order to prove a violation. Me holding a camera up does not mean that Im recording, you would have to arrest me, take my camera and observe on it if I recorded someone without their consent.

Which again would make no sense, recording folks in public with no expectation of privacy isn't a crime. I dont need consent, no matter if we are on the street or in city hall lobby.

The defense goes on to say that they regulate public access based on different forums. In reality, they regulate press access by naming parts of city property under different forums. I dont think anyone has told them that its the courts who decide what kind of forum an area is, and they only do that when deciding the test for a restriction. If a building has no restriction, it wont matter what the forum is. The defense also fails to realize that we go into government owned publicly accessable buildings under the right to gather information, not the forum doctrine.

The forum doctrine regulates expressive activity only, it does not regulate non expressive steps of the speech process.

> *Gordon Price v. Merrick Garland, No. 21-5073 (D.C. Cir. 2022)*
>
> *We think the Government is correct. Based upon the historical underpinnings of forum analysis, the evolution of this analytical framework, and the cases in which the Supreme Court has applied it, we are convinced that it would be a category error to apply the speech-protective rules of a public forum to regulation of an activity that involves merely a noncommunicative step in the production of speech. Although that activity warrants solicitude under the First Amendment, that solicitude does not come from the speech-protective rules of a public forum. In reaching this conclusion we are buoyed by the Supreme Court's warning against extending the public forum doctrine "in a mechanical way" to contexts that meaningfully differ from those in which the doctrine has traditionally been applied. Arkansas Educ. TelevisionComm'n v. Forbes, 523 U.S. 666, 672-73 (1998).*

We know the ordinance is content based because it references the content (consenting people) of the regulated speech (recording).

> *Government regulation of expressive activity is content neutral so long as it is "justified without reference to the content of the regulated speech." Community for Creative Non-Violence, supra, at 293 (emphasis added); Heffron, supra, at 648 (quoting Virginia Pharmacy Bd., supra, at 792\* 771); see Boos v. Barry, 485 U. S. 312, 320-321 (1988) (opinion of O'CONNOR, J.).*
> *Ward v. Rock Against Racism, 491 US 781, 792 - Supreme Court 1989*

This leads to the circle of arresting me with no evidence so you can hopefully find evidence on my device of "unconsenting persons". Holding a phone up like I am recording might be reasonable suspicion to detain me, but not enough to ask me to leave or seize and search my device.

## **STANDING**

1. Actual/imminent injury

The defense is stuck on actual injury, when I am discussing imminent injury. There should be no doubt I would challenge the statute because that is exactly what I do. My channel[1] is built upon me challenging unjust laws and government over reach and rights violations. I had investigations put on hold for years now. And they expect me not to record my interactions so I have no proof of how they act or to defend myself against false allegations. The defense wants to see the specific reports I have made, and I will gladly show them so we can see how they act.[2] The Injury would be not being able to record my government officials on matters of public interest.

---

[1] Rogue Nation Audits https://www.youtube.com/@RogueNationAudits
[2] Tyrants just hit my radar https://www.youtube.com/watch?v=STNyRIaFwzo&t=124s

4

### Causation

The injury spoken of above, the violation of my right to gather information is directly tied to the defendants action by passing the ordinance.

### Redressability

Its not just likely that a favorable decision would redress my injury, its an absolute fact.

The defense wants to make me believe that restricting my right to record government officials is reasonable. I guess restricting sales of newspapers approved by the mayor is also reasonable to them. However if the basic essence of free press is the right to report on the government, then any restriction is a violation of that right.

> *We understand these cases as standing for the proposition that it is unreasonable to issue a blanket prohibition against the recording of a public official performing public duties on public property, so long as the recording does not interfere with the performance of the official's duties. "Such peaceful recording of [the performance of a public duty] in a public space ... is not reasonably subject to limitation." Glik, 655 F.3d at 84. This helps explain why these cases make no effort to determine whether the location of the recording is a public forum: Because prohibiting the recording of a public official performing a public duty on public property is unreasonable, the specific nature of the public property is irrelevant. Gordon Price v. Merrick Garland, No. 21-5073 (D.C. Cir. 2022) PG 16*

### CONCLUSION

For the reasons stated above, Plaintiff requests this Court to deny the defendants' Motion to Dismiss so that justice may be done.

Submitted 9-6- 2024

Respectfully submitted,

*[signature]*

GEORGE D. METZ II  PRO SE
15301 nw 188th st
Alachua FL 32615
patriotdiscussions@gmail.com
352-446-8145

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September, 2024, I mailed a copy of the foregoing to: Daniel R. Hughes
457-B-Pennsylvania Avenue (29650)
P.O. Box 449
Greer, SC 29652-0449

*[signature]*