IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| George D. Metz, II, | ) | C/A No. 8:23-cv-1159-DCC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City of Easley, South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the City of Easley's ("City") Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). ECF No. 55. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

**BACKGROUND AND FACTUAL ALLEGATIONS**

On December 12, 2022, the City enacted Ordinance No. 2022-33, titled "Control Access to City-owned, Controlled, and Leased Properties" ("the Ordinance"). ECF No. 55-2 at 5. The Ordinance's stated purpose is to "prevent disruptions of the City's legitimate public business and rendering [of] public services," while "fostering a safe and orderly environment." *Id.* at 1. The Ordinance recognizes that City employees and business visitors have a "legitimate privacy interest in not being recorded without the[ir] consent" and therefore bans "the unconsented recording of City Employees and citizens conducting business with the City." *Id.* The Ordinance further provides that the "unconsented recording of and refusal to stop recording City employees and/or

1

citizens conducting legitimate business" is considered "a disruption of City business." *Id.* The Ordinance clarifies, though, that it is neither "intended to prohibit citizens from coming onto City property to conduct legitimate business," nor is it meant to restrict speech, emphasizing that it "does not target any viewpoint, ideology, or opinion." *Id.*

Sections 99.01(b) and (c) authorize the Mayor to "manage public access to enclosed City-owned, controlled, and leased property" and "employ whatever means he/she deems necessary and appropriate to separate designated public forums from nonpublic forums." ECF No. 55-2 at 2. Section 99.01(d) specifically designates two areas as nonpublic forums: (1) City Council Chambers and conference rooms in City Hall and the City Hall Annex when public meetings are not in session and (2) all City employee work areas designated by appropriate signage in those buildings. *Id.* All other areas of City Hall and the Annex are designated as limited public forums. *Id.*

Section 99.01(e) prohibits "record[ing] video and/or sound within City-owned, controlled, and leased property, without the consent of all persons whose voice or image is being recorded." *Id.* at 3. This prohibition does not apply, however, to (1) recordings made during public meetings and (2) recordings "by authorized law enforcement personnel engaged in the performance of their official duties." *Id.* at 3, 4. If a person continues to record without consent after being asked to stop, the Ordinance considers the person "a disruption to the work of City government" and "no longer ... present ... on legitimate public business." *Id.* at 3. If that person then refuses to leave, the individual becomes a trespasser. *Id.* Law enforcement may charge trespassers with violating S.C. Code Ann. § 16-11-620 or issue them a "trespass warning notice." *Id.*

In this action, George D. Metz, II ("Metz") challenges the constitutionality of the Ordinance on First Amendment grounds. ECF No. 25 at 5. Metz describes himself as "an

2

independent investigative journalist who focuses on government accountability." ECF No. 25-2 at 1.  Metz alleges that the City enacted the Ordinance in response to his "reporting on the mayor and his activities." *Id.*  He asserts that the Ordinance "restricts [his] rights" as a member of the "free press to gather information on public employees in the course of their duties," ECF No. 25 at 5, and claims that he would "still work on and report stories from Easley SC if not for his rights being chilled," ECF No. 25-2 at 1.  Metz further states that he has "no issue" declaring his intent to violate the Ordinance and alleges that the City "has already enforced [the Ordinance] on [another] journalist." *Id.* at 2.  For relief, he seeks $1,000,000 in damages and a declaration that the "part of the law dealing with consent in public places" is unconstitutional.  ECF No. 25 at 5.

After the district court granted Metz *in forma pauperis* status on June 14, 2023, ECF No. 17, a magistrate judge conducted an initial review of the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B).  On September 18, 2023, a magistrate judge issued a Report and Recommendation recommending that the district court dismiss Metz's Amended Complaint for lack of standing and for failure to state a claim.  ECF No. 30 at 5-6, 11.  In an Order dated May 1, 2024, the district court declined to adopt the Report and Recommendation, finding that Metz had adequately alleged standing and stated a plausible First Amendment claim.  ECF No. 39 at 2-3.  In so ruling, the district court noted that "too much is unknown at this procedural posture" and "additional information is needed from [the City] to potentially resolve this matter."  *Id.* at 3.

On August 19, 2024, the City filed the instant Motion to Dismiss or, in the Alternative, for Judgment on the Pleadings.  ECF No. 55.  By an Order filed on September 3, 2024, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Metz was advised of the procedures for motions to dismiss and motions for summary judgment and the possible consequences if he failed to respond adequately.  ECF No. 57.  Metz filed a Response on September 10, 2024, ECF No. 59,

3

and on September 17, 2024, the City filed its Reply, ECF No. 61. This matter is now ripe for review.

## APPLICABLE LAW AND ANALYSIS

**Standard of Review**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court . . . may also 'consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6) …,, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Additionally, Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). The court assesses a motion for judgment on the pleadings "under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013).

**Standing and Failure to State a Claim**

In moving to dismiss, the City argues that (1) this case is not yet ripe, (2) Metz lacks standing, and (3) the Ordinance does not violate the First Amendment. ECF No. 55-1 at 1. However, the district court has already held that Metz has both "sufficiently alleged he has the

requisite standing to bring this lawsuit" and "stated a plausible First Amendment violation."[1]  ECF No. 39 at 2-3.  Accordingly, the undersigned sees no basis to re-evaluate those argument and will consider only the City's ripeness argument.  *See Taylor v. Nat'l Grp. of Cos., Inc.*, 765 F. Supp. 411, 413 (N.D. Ohio 1990) (stating that a magistrate judge lacks "the authority to reconsider and set aside or alter prior decisions of the district judge"); *see also White v. Bryan*, C/A No. 21-cv-01259-RFB-MDC, 2024 WL 4349337, at *5 (D. Nev. Sept. 29, 2024) ("Motions to dismiss following screening orders are disfavored, where, as here, Defendants raise arguments that were previously considered by the Court on the screening ....").

**Ripeness**

"[T]he ripeness doctrine 'originates in the case or controversy constraint of Article III.'" *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019) (quoting *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013)).  It "concerns the 'appropriate timing of judicial intervention.'"  *Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 389 (4th Cir. 2001) (quoting *Renne v. Geary*, 501 U.S. 312, 320 (1991)), *overruled on other grounds as stated in Real Truth About Abortion, Inc. v. Fed. Election Comm'n*, 681 F.3d 544, 550 n.2 (4th Cir. 2012).  "Analyzing ripeness is similar to determining whether a party has standing," *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006), and "[m]uch like standing, ripeness requirements are also relaxed in First Amendment cases." *Cooksey v. Futrell*, 721 F.3d 226, 240 (4th Cir. 2013); *see New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1500 (10th Cir. 1995) ("The primary reason[] for relaxing the ripeness analysis in th[e] [First Amendment] context

---

[1] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c).  *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003); *Occupy Columbia*, 738 F.3d at 115.

is the chilling effect that potentially unconstitutional burdens on free speech may occasion [.]") To determine whether a case is ripe, courts evaluate "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003).

Metz has pled sufficient facts to establish both prongs of the ripeness inquiry. First, this case is fit for judicial decision. The issue presented — whether the Ordinance violates Metz's First Amendment rights — is a "purely legal" one that is "not dependent on future uncertainties." *See Miller*, 462 F.3d at 319 ("This case is fit for judicial review. The only issue in the case is whether Virginia's open primary law violates the plaintiffs' First Amendment rights to freely associate, which presents a purely legal question."); *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 221 (4th Cir. 2008) ("[T]he issues in this First Amendment challenge are fit for judicial decision at this time. They are purely legal, and the South Carolina Ethics Act is final."). Second, withholding judicial review could impose hardship on Metz, who has alleged that he wishes to engage in speech prohibited by the Ordinance but has refrained from doing so for fear of prosecution.[2] *See Va. Soc'y for Human Life*, 263 F.3d at 390 ("VSHL will face a significant impediment if we delay consideration of the regulation's constitutionality.... It must refrain from distributing communications that fall within 11 C.F.R. § 100.22(b) or risk prosecution."); *Edgar v. Haines*, 2 F.4th 298, 311-12 (4th Cir. 2021) ("As the plaintiffs allege, they are currently curbing

---

[2] At one point in its Motion, the City seems to contend that the Ordinance does not implicate the First Amendment at all because it regulates conduct rather than speech. ECF No. 55-1 at 9. The First Amendment, however, "safeguard[s] the right to gather information as a predicate to speech." *People for the Ethical Treatment of Animals, Inc. v. N.C. Farm Bureau Fed'n, Inc.*, 60 F.4th 815, 829 (4th Cir. 2023). Indeed, "the right to publish a recording would be 'largely ineffective, if the antecedent act of *making* the recording is wholly unprotected.'" *Id.* (emphasis in original) (quoting *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 595 (7th Cir. 2012)); *see Sharpe v. Winterville Police Dep't*, 59 F.4th 674, 681 (4th Cir. 2023) (holding that "livestreaming a police traffic stop is speech protected by the First Amendment").

their speech in light of the defendants' prepublication review regimes. Thus, the plaintiffs have adequately demonstrated that refusing to reach their claims would cause them material hardship." (internal citation omitted)); *S.C. Citizens for Life*, 301 F. App'x at 221 (finding hardship where the challenged law "facially restrict[ed] [the plaintiff's] expressive activities").

For these reasons, Metz's First Amendment challenge to the Ordinance is ripe for adjudication.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the district court deny the City's Motion to Dismiss or, in the Alternative, for Judgment on the Pleadings. ECF No. 55.

IT IS SO RECOMMENDED.

s/William S. Brown<br>
United States Magistrate Judge

October 16, 2024
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).