<u>**EXHIBIT "A"**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| GEORGE D. METZ, II | ) |
| | ) C/A No. 8:23-cv-01159-DCC-KFM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF EASLEY, SOUTH CAROLINA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**<u>DEFENDANT, CITY OF EASLEY'S AMENDED ANSWER AND DEFENSES TO THE PLAINTIFF'S COMPLAINT</u>**

Defendant, City of Easley, South Carolina, ("Defendant"), while reserving all rights afforded under any pending or concurrently filed motions contained herein, hereby answers the Plaintiff's Complaint ("Plaintiff's Complaint") filed in the above captioned action by George D. Metz, II ("Plaintiff"), which consists of Entry Number 25 (6 pages) and Entry Number 25-2 (4 pages), and sets forth its defenses to the claims raised therein.

**<u>FOR A FIRST DEFENSE</u>**

1. Defendant denies each and every allegation contained in the Plaintiff's Complaint where not hereinafter specifically admitted, modified, controverted, or explained.

Entry Number 25 - Complaint

2. Defendant lacks sufficient information to admit or deny the allegations of Paragraph I (A) ("The Parties to the Complaint") of the Plaintiff's Complaint, and therefore, denies the same.

3. Defendant admits the allegations of Paragraph I (B) ("The Parties to the Complaint") of the Plaintiff's Complaint.

4. Defendant denies the allegations of Paragraph II (A and B, including all subparts) ("Basis for Jurisdiction").

5. Defendant denies the allegations of Paragraph III ("Statement of Claim").

6. Defendant denies the allegations of Paragraph IV ("Relief").

7. Defendant denies the allegations of Paragraph V ("Certification and Closing").

Entry Number 25-2 ("Statement of Claim")

8. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Plaintiff's Complaint, and therefore, denies the same.

9. Defendant denies the allegations of Paragraph 2 of the Complaint.

10. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 3 of the Plaintiff's Complaint, and therefore, denies the same.

11. As to the allegations of Paragraph 4 of the Plaintiff's Complaint, Defendant denies that Ordinance 2022-33 (Title IX, Chapter 99, Section 99.01) is unconstitutional. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 4, and therefore, denies the same.

12. Defendant lacks sufficient information to admit or deny the allegations of Paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 of the Plaintiff's Complaint, and therefore, denies the same. Defendant further submits that the allegations contained in said paragraphs may be opinion statements or statements of law for which a response is not required.

13. Defendant denies the allegations of Paragraphs 17, 18, 19 and 20 of the Plaintiff's Complaint.

## FOR A SECOND DEFENSE
*(Rule 12(b)(6))*

14. The Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

## FOR A THIRD DEFENSE

15. The Defendants assert that the alleged ordinance at issue in this case, and its acts in relation thereto are lawful, are within the power and authority and discretion of the Defendant as a municipal government and its employees, is not inconsistent with State or Federal law, is a valid exercise of the police power, and were adopted in good faith and in the public interest.

## FOR A FOURTH DEFENSE

16. The City's decisions were within the sound and lawful discretion of the City officials, were in accord with the criteria provided by State and Federal law and the provisions of the pertinent City ordinances, were supported by the facts and evidence, were not arbitrary, were not clearly erroneous, and were correct as a matter of law.

**FOR A FIFTH DEFENSE**

17. Defendants would show that at all times alleged in the Complaint, that they acted in good faith and did not violate any clearly established right of the Plaintiffs.

**FOR A SIXTH DEFENSE**

18. Defendants further allege and assert that any tort claims alleged against them are subject to the immunities, defenses, and limitations as to liability, recovery, and damages set out in the South Carolina Tort Claims Act, S.C. Code 15-78-10 *et seq.*, including, but not limited to, the exceptions to waiver of immunity in §15-78-60 (1), (2), (4), (5), (12), and (13), and the limitations on damages and nature of damages in §15-78-120(a) and (b)

**FOR A SEVENTH DEFENSE**

19. Plaintiff's Complaint and the alleged damages are barred by the Doctrine of Sovereign Immunity.

**FOR AN EIGHTH DEFENSE**

20. As to any claims of the Plaintiff against the Defendants sounding in tort, the City is immune from liability and resultant damages, if any, inasmuch as the City owed the Plaintiff no duty or, in the alternative if a duty is found, that any duty is to the public at large. The City pleads the public duty rule as a complete defense and bar to Plaintiff's causes of action sounding in tort.

**FOR A NINTH DEFENSE**

21. Plaintiff is barred from recovery of punitive damages against these Defendants based upon S.C. Code Ann. §15-78-120(b).

## FOR A TENTH DEFENSE

22.     Plaintiff's claim is barred, in whole or in part, by the doctrines of the estoppel, waiver, release, laches, estoppel, and unclean hands.

## FOR AN ELEVENTH DEFENSE

23.     On March 10, 2025, the Defendant, through Ordinance 2025-1, amended Section 99.01 of Chapter 99 of Title IX of the Easley City Code the terms of which make Plaintiff's Complaint moot and void of any actual case or controversy.  *See*  U.S. Const., Article III, § 2.

24.     Defendants reserve the right to amend this Answer to assert additional defenses as they may arise during discovery and Defendants' investigation of the allegations of Plaintiff's Complaint.

WHEREFORE, Defendant, having fully answered the Complaint of Plaintiff, prays as follows:

1.     That this Court dismiss Plaintiff's Complaint with prejudice;

2.     That this Court award Defendants its costs and attorney's fees for the cost of defending this action; and,

3.     For such and other further relief as this Court may deem just and equitable.

Respectfully submitted this 3rd day of June 2024.

DUGGAN & HUGHES, LLC

   /s/ Daniel R. Hughes
Daniel R. Hughes
South Carolina Bar No. 72547
Federal ID No. 10568
dhughes@dugganhughes.com
457-B Pennsylvania Avenue (29650)
P.O. Box 449
Greer, SC  29652
Tel: (864) 334-2500
(864) 879-0149 (facsimile)

Counsel for Defendant, City of Easley